# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**WILMER LOUIS SPENCE, JR.,**                                                             **PETITIONER**

**V.**                      **NO. 1:08CV017-A-D**

**CHRISTOPHER EPPS, et al.,**            **RESPONDENTS**

## ORDER

This matter is before the court on Respondents' motion to dismiss. Spence had previously filed a habeas petition challenging a 2001 conviction for aggravated assault. *See Spence v. Thornton*, 1:04CV390-M-D (April 4, 2007). After much review, the court dismissed the matter without prejudice so that Spence could return to state court and prosecute an out-of-time appeal. In other words, Spence had not exhausted his state court remedies as required by 28 U.S.C. § 2254(b)(1) and (c).

Recently, Spence filed this habeas petition complaining that his state appointed attorney had failed to pursue the appeal. Furthermore, Spence provided a copy of a letter from his attorney indicating that he would no longer be representing Spence. In light of the complicated procedural history of Spence's case, the court ordered the State to respond to this newly filed petition even though it was clear Spence still had not exhausted available state remedies.

The State's response confirms that Spence's first court appointed attorney was removed from his case. The State, however, has also provided a copy of a court order dated February 1, 2008, appointing Kevin W. Frye to represent and defend Spence through the appeals process. Once Spence has navigated his way through an appeal and any available post-conviction relief in state court, only then may he seek federal habeas relief. Until that time, Spence's petition is premature and should be dismissed. Therefore, Respondents' motion to dismiss (docket entry 5) is GRANTED and this matter is CLOSED.

THIS the  3rd  day of March, 2008.

                                           **/s/ Sharion Aycock**
                                           **U.S. DISTRICT JUDGE**